HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROGER A STEWART,

                Plaintiff,

    v.

CHASE HOME FINANCIAL, LLC;
NORTHWEST TRUST SERVICES, LLC,

                Defendants.

No. 3:10-cv-5148RBL

ORDER ON VARIOUS MOTIONS
[Dkt. #s 17, 24, 35, 40, 41, 42, 44]

      This matter is before the Court on the following Motions: Defendant Chase's Motion to Dismiss [Dkt. #17]; Defendant Northwest's Motion to Dismiss [Dkt. #24]; and Plaintiff's Motions to Compel [Dkt. #35]; for a Temporary Restraining Order [Dkt. #40]; and to Stay all proceedings [Dkt. #41]; and on the Defendants' Motions to Strike certain of the Plaintiff's Pleadings, for a Protective Order, to Stay Discovery pending a ruling on the Motions to Dismiss, and to Set a Briefing Schedule [Dkt. #s 42 and 44].

      The case involves the Defendants' foreclosure on Plaintiff's home in March of this year. On March 4, 2010, Plaintiff filed this action, asserting "Violation of federal laws, TILA, RESPA, RICO STATUES *(sic)*." Plaintiff claims the Defendants are attempting to collect a fraudulent debt and pursuing fraudulent foreclosure proceedings. [Dkt. #1]. The record does not reflect that Plaintiff served[1] either his initial complaint or his amended complaint [Dkt. #6] on either

---

[1] Plaintiff has since argued that the receipt of a complaint by a defendant through any means, including mail or "falling out of an airplane" is effective service. *See* Dkt. #37. He sought and received a summons from the court, but apparently did not otherwise attempt to effect service of process. *See* Dkt. #s 5 & 6.

ORDER - 1

defendant. The previously scheduled foreclosure sale occurred the following day, March 5, 2010. Plaintiff filed an Amended complaint on June 29, 2010, but there is no indication that it was served. No summons is attached to either of the complaints. [Dkt. #6]

As an initial matter, Defendants ask the Court to Strike Plaintiff's filings under Rule 12(f), and to take other steps to avoid time consuming, wasteful and otherwise useless litigation pending the resolution of their Motions to Dismiss. While these Motions appear to be well taken, given the resolution of Plaintiff's Motions, and the Defendants' Motions, those requests [Dkt. #s 42 and 44] are DENIED.

In response to Defendants' Motions to Dismiss, Plaintiff seeks to Compel defense counsel to verify whether they are representing the Holder in Due Course and whether they are acting as debt collectors. There is no precedent for such a Motion. The Federal Rules of Civil Procedure set forth the proper way to obtain information about one's adversary's legal positions. Furthermore, Defendants' counsel are not, in this action, attempting to foreclose or otherwise act with respect to a debt, at all; they are defending their respective clients against the claims asserted against them by Plaintiff. The Plaintiffs' Motion to Compel [Dkt. #35] is DENIED.

Plaintiff also seeks an emergency Temporary Restraining Order [Dkt. #40]. He seeks to enjoin the Defendants from selling his (former) property pending a trial in this matter. He claims, among other things, that the Defendants are a terrorist cell, and that they have engaged in "all sorts of fraud."

A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc*., __U.S.__, 129 S.Ct. 365, 374 (2008) (internal citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Id*. at 376. The standard for granting a preliminary injunction balances a plaintiff's likelihood of success on the merits against the hardship to the parties. The greater the relative hardship to the moving party, the less probability of success on the merits must be shown. *Clear Channel Outdoor Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003). "These two formulations represent

two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Arcamuzi v. Cont'l Airlines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987) (internal citations omitted).  However, all four factors are considered together in evaluating whether a preliminary injunction is appropriate.  The standard for issuing a temporary restraining order is the same as the standard for issuing a preliminary injunction.  *Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs. Inc.*, 181 F.Supp.2d 1111, 1126 (E.D.Cal. 2001).

Plaintiff claims he seeks to maintain the status quo.  He alleges, without demonstrating, that his rights are "clear" and that he is likely to succeed on the merits of his claims against the Defendants.

Plaintiff argues that he is at risk of irrevocable harm, claiming that the (further) sale of the property cannot be addressed by money damages. He claims that Defendants cannot be harmed by a TRO, because they have already been "paid in full numerous times," through the sale of the Note, through "the Bailout" and "TARP," and insurance proceeds. Finally, he argues that an injunction would be in the public interest, because Defendants have engaged in acts of war and terrorism against the United States.

Plaintiff's claims are nonsensical, unsupportable, and insufficient in any event.  The Motion for a TRO [Dkt. # 40] is DENIED.  The Plaintiff's Motion to Stay [Dkt. #41] is similarly without merit and is DENIED.

Defendants' Request for Judicial Notice of the fact of the sale of Plaintiff's property in March of this year is GRANTED.

Defendants seek dismissal of Plaintiff's claims against them under Rule 12(b)(6).  They argue that the complaint was never effectively served upon them, and that the bulk of plaintiff's claims are time barred and otherwise fail to state a claim upon which relief may be granted.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Review is limited to the content of the complaint [and properly incorporated documents], and all allegations of material fact must be taken as true, and construed in the light most favorable to the non-moving party.  *Fed'n of*

*African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). Under *Bell Atlantic Corp. v. Twombly*, a litigant cannot simply recite the elements of a cause of action to avoid dismissal under this Rule. He must instead "provide the grounds of his entitlement to relief, which requires more than labels and conclusions." 127 S.Ct. 1955, 1964-65 (2007). The litigant must plead a claim that moves "across the line from conceivable to plausible." *Id*. at 1974.

Plaintiff filed this matter on March 4, 2010. The record does not reflect any proof of service, and Defendants claim they have not been served. Plaintiff claims that he served his complaint by mail, and he claims, erroneously, that that is effective service. See Fed. R. Civ. P. 4. Plaintiff has not served his Complaint (or any summons) in the time required by Rule 4(m); see also Rule 12(b)(5). While he is pro se, and his pleadings are to be construed liberally in his favor, Mr. Stewart is not free to ignore the substantive requirements of service of process. The Defendants are entitled to dismissal under the rules where effective, legal service of process has not been accomplished in a timely manner.

It is also apparent that at least the Plaintiff's TILA and RESPA claims are barred by the applicable one year limitations period, as those claims accrued (if at all) in 2005 and this matter was not filed until 2010. Plaintiff's remaining claims are also facially deficient, for the reasons outlined in the defendants' Motions. Given the resolution of the Motions on the service issue, however, it is not necessary to outline those failings in detail.

The Defendants' Motions to Dismiss [Dkt. #s 17 and 24] are GRANTED and Plaintiff's Claims against them are DISMISSED. Because the Plaintiff cannot plead facts consistent with those alleged in his prior complaints that would state a cause of action against these Defendants, the dismissal is WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated this 15th day of October, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 4